[No. 6255.   Decided March 2, 1907.]

AUGUSTA JOHANSEN, *Respondent,* v. M. MULLIGAN, *Appellant.*[1]

APPEAL—RECORD—PLEADINGS.  Error in denying leave to file a supplemental answer cannot be reviewed where the answer is not brought up in the record on appeal (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered April 20, 1906, after denying defendant's motion to file a supplemental answer, enjoining the operation of a fish trap and requiring the removal of the same. Affirmed.

*B. F. Heuston* and *T. W. Hammond,* for appellant.
*McBride, Stratton & Dalton,* for respondent.

CROW, J.—This action, which was commenced by the plaintiff to enjoin the defendant from maintaining and operating a certain fish trap constructed by him in the waters of the Columbia river, has heretofore been before this court upon appeal from a final judgment entered upon an order overruling a demurrer to the amended answer of the defendant. The opinion of this court is reported in 41 Wash., at page 379, 83 Pac. 417, and a reference thereto will afford a full statement of issues raised by the pleadings.  After the filing of the remittitur in the lower court, an order was then entered sustaining the demurrer to the amended answer.  Thereupon the defendant filed a motion reading as follows:

"Now comes the defendant in the above cause, and upon the supplemental answer duly verified by him proposed to be made, a copy of which is hereto attached and herewith served, and upon all and singular the documents, pleadings, files and records in the cause in court remaining, move the

[1]Reported in 88 Pac. 1107.

court for an order granting unto him leave to make and file the said supplemental answer herein upon such 'terms as may be just."

Although the motion by its terms recited that the proposed supplemental answer was attached thereto, the transcript before us fails to show that it was so attached. This motion came on regularly to be heard, on April 20, 1906, and the trial court, after listening to the argument of the respective counsel, and being fully advised in the premises, ordered that the same be denied. Thereupon final judgment was entered, enjoining the defendant from maintaining his fish trap and requiring him to remove the same. From said final judgment this appeal has been taken.

The only assignments of error urged by the appellant are that the trial court erred in denying his motion for leave to file a supplemental answer, in enjoining the operation of his fish trap, and in commanding its removal. The appellant in his brief contends that his proposed supplemental answer made allegations showing that, after the former decision of this court, he had so changed his fish trap as to cause the same to comply with the statute, and to be in all respects legal and proper in the manner of construction and method of operation, and that the trial court erred in refusing him permission to file such supplemental answer.

The respondent has moved this court for an order striking from the transcript what purports to be a copy of the motion and supplemental answer, and for a further order dismissing the appeal, upon the ground that the appellant has failed to make, propose, or file herein any statement of facts or bill of exceptions. In support of this motion respondent contends that the proposed supplemental answer should be brought to this court by a bill of exceptions or statement of facts, which should include the documents, pleadings, and other evidence presented to the court at the hearing of appellant's motion for leave to file the same. It

is unnecessary for us to pass upon this motion, for after having carefully examined the record we fail to find that it contains any copy of the proposed supplemental answer, and we are therefore without information as to how it was presented to the trial court, or what allegations it may contain, except as we may be able to gather the same from the statements of appellant's brief, which we cannot consider for that purpose. The transcript includes the motion for leave to file a supplemental answer, but as the proposed supplemental answer itself has not been brought to this court either as a part of the transcript, or by any properly certified bill of exceptions or statement of facts, we are in no position to pass upon its sufficiency, nor can we determine that the trial court either abused its discretion or committed error in refusing the appellant permission to file the same. In the absence of any showing to the contrary, we must, and do, presume that all of the orders and proceedings of the trial court were regular and free from prejudicial error.

The judgment is affirmed.

HADLEY, C. J., ROOT, and DUNBAR, JJ., concur.

FULLERTON, J. (dissenting)—Both appellant and respondent have assumed that the supplemental answer was in the record—differing only on the question whether it was properly therein. I think that instead of affirming the order appealed from, because of the absence of this order, we should suggest the omission to counsel and allow it to be supplied. I dissent, therefore, from the judgment ordered.